**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CORNELIUS BROWN,<br><br>                              Plaintiff,<br><br>   v.<br><br>JULIE MARSCHNER,<br><br>                              Defendant. | 3:17-cv-00464-MMD-VPC<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L RIB 1-4. Before the court is Cornelius Brown's (plaintiff) application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed all documents, the court recommends that the application to proceed *in forma pauperis* be granted, and that this action move forward as described herein.

## I.   *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in his application to proceed *in forma pauperis*, plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1 at 4.) The court therefore recommends that the application be granted.

## II.   LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

1  fanciful factual allegations (e.g., delusional scenarios).  *Id.* at 327–28; *see also McKeever v.*
2  *Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Dismissal for failure to state a claim under § 1915A
3  incorporates the same standard applied in the context of a motion to dismiss under Federal Rule
4  of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which
5  requires dismissal where the complaint fails to "state a claim for relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7        The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins.*
8  *Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must accept as true
9  all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations
10  state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint
11  need not contain detailed factual allegations, but must offer more than "a formulaic recitation of
12  the elements of a cause of action" and "raise a right to relief above a speculative level."
13  *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing the pleadings of a *pro se* party,
14  for a more forgiving standard applies to litigants not represented by counsel.  *Hebbe v. Pliler*, 627
15  F.3d 338, 342 (9th Cir. 2010).  Still, a liberal construction may not be used to supply an essential
16  element of the claim not initially pled.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If
17  dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and
18  notice of its deficiencies, unless it is clear that those deficiencies cannot be cured.  *Cato v. United*
19  *States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

20                          **III.    DISCUSSION**

21        Plaintiff is an inmate at the Northern Nevada Correctional Center ("NNCC").  (ECF No.
22  1-1 at 1.)  Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims
23  ostensibly arising out his criminal trial for sexual assault.  (ECF No. 1-1 at 1–6, 14.)  Plaintiff
24  names as defendant Julie Marschner, a forensic scientist employed by the Las Vegas Metro Police
25  Department.  (*Id.* at 1–3.)

26        Plaintiff begins by alleging that the victim in his criminal trial stated to a detective that
27  "nothing happened" and that she did not remember the sexual assault.  (*Id.* at 3.)  Plaintiff claims

28

1   that the court presiding over his trial failed to order "an independent psychological examination

2   of the so-called alleged victim due to her inconsistent statements …." *(Id.)*

3       Next, plaintiff claims that the trial court erred when it refused to use two of plaintiff's

4   proposed jury instructions. *(Id.* at 4.)  The first instruction demanded acquittal if the jury "did not

5   find it patently unreasonable to believe" that Marschner's DNA evidence against plaintiff was the

6   result of contamination. *(Id.)*  Plaintiff attaches to his complaint a case excerpt that discusses

7   Marschner's history of errors in preparing forensic laboratory reports.  (*Id.* at 11–12.)  The second

8   instruction demanded acquittal if "it was not patently unreasonable to believe the victim lied."

9   (*Id.* at 4.)  In apparent support of his argument that the victim lied, plaintiff recites an expert's

10  testimony regarding the results of a sexual assault examination performed upon plaintiff.  (*Id.* at

11  5.)  The results were negative, aside from "small abrasions in the posterior fourchette."  (*Id.*)

12      Finally, plaintiff alleges that a witness, identified only as "Daniel," informed the jury that

13  plaintiff was in jail.  (*Id.* at 6.)  According to plaintiff, this raised an impermissible appearance of

14  guilt, but the district court denied plaintiff's motion for a mistrial.  *(Id.)*

15      Plaintiff claims that his Fifth Amendment right to due process and his Sixth Amendment

16  right to a fair trial were violated.  (*Id.* at 4–6.)  He seeks a five hundred thousand dollars and an

17  immediate release from custody.  (*Id.* at 8.)

18  **A. Plaintiff's claims are *Heck* barred.**

19      Section 1983 aims "to deter state actors from using the badge of their authority to deprive

20  individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th

21  Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).  The statute "provides

22  a federal cause of action against any person who, acting under color of state law, deprives another

23  of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the

24  procedural device for enforcing substantive provisions of the Constitution and federal statutes."

25  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Claims under § 1983 require the

26  plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who

27  acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

28

1    However, section 1983 is not a backdoor through which a federal court may overturn a

2    state court conviction or award relief related to the fact or duration of a sentence.  Section 1983

3    and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of

4    unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and

5    operation.'"  *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*,

6    512 U.S. 477, 48 (1994)).  Federal courts must take care to prevent prisoners from relying on §

7    1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28

8    U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

9    When a prisoner challenges the legality or duration of his custody, raises a constitutional

10    challenge which could entitle him to an earlier release, or seeks damages for purported

11    deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his

12    sole federal remedy is a writ of *habeas corpus*.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

13    *Heck*, 512 U.S. at 481.  Stated differently, where "a judgment in favor of the plaintiff would

14    necessarily imply the invalidity of his conviction or sentence," then "the complaint must be

15    dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

16    invalidated." *Heck*, 512 U.S. at 487.

17    It is apparent that plaintiff is challenging the constitutionality of his state court criminal

18    proceeding.  Even construing the complaint liberally, his legal theory is that the state trial court,

19    not Marschner, violated his Fifth Amendment right to due process and his Sixth Amendment

20    guarantees of a fair trial.[1]  In fact, the complaint's lone reference to Marschner is only incidental

21    to plaintiff's claim that the state trial court improperly rejected his jury instructions.  A favorable

22    decision on plaintiff's claims would suggest that his criminal conviction was improperly secured.

23    Thus, *Heck* requires that he first demonstrate that his conviction has been overturned to proceed.

24    As he has not done so, his sole relief at this juncture is a *habeas corpus* action.  The court,

25

26    _____

27    [1]  The court notes that plaintiff's constitutional claims concern state actors and, thus, are properly brought under the
Fourteenth Amendment.  *See Duncan v. State of La.*, 391 U.S. 145, 147-48 (1968) (the Sixth Amendment right to a

28    speedy, public trial before an impartial jury applies to state actors by way of the Fourteenth Amendment).

therefore, recommends that plaintiff's claims be dismissed without prejudice, without leave to amend.

### IV.    CONCLUSION

For the foregoing reasons, the court recommends that plaintiff's complaint be dismissed without prejudice, without leave to amend, because his claims are *Heck* barred.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

### V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: February 14, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**